NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA QUEEN, | Civil Action No. 14-6393 |
| Plaintiff, | |
| v. | **OPINION** |
| CEDARBROOK CONDOMINIUM ASSOCIATION, INC., | February 24, 2015 |
| Defendant. | |

**WIGENTON**, District Judge.

Before this Court is the motion of Defendant Cedarbrook Condominium Association Inc. ("Cedarbrook" or "Defendant") to dismiss the Complaint of *pro se* Plaintiff Barbara Queen ("Plaintiff"), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Motion").

This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, this Court **GRANTS** the Defendant's Motion.

### I. FACTUAL HISTORY

Plaintiff is a seventy-eight (78) year old retired schoolteacher. (Compl. ¶ 8.) Plaintiff brings this instant action regarding a matter that was adjudicated in the State Court of New Jersey under Docket Number DC-8183-09; DJ-81889-11 and L-006057-12. (Defendant's Statement of Facts ("Def.'s SOF") ¶1).

1

In 2009, Cedarbrook filed an action against Plaintiff in Morris County Superior Court, alleging failure to pay certain condominium fees. (Defendant's Brief in Support of Motion for Summary Judgment ("Def.'s Br."), 2.)  On November 8, 2010, the Superior Court of New Jersey entered a judgment in favor of Cedarbrook, in the sum of $15,057.00. (Def.'s SOF ¶2-3.) On or about October 12, 2011, a levy was placed on Plaintiff's TD Bank Account in the amount of $15,530.29. (*Id*. at ¶4; Dkt. No. 1, Compl. ¶ 15.)

On January 16, 2013, the state court granted Defendant's Motion for the Turnover of Funds. (Def.'s SOF at ¶5.)  On June 7, 2013, Plaintiff filed a Motion for Hardship and Release of Exempt Funds Levied, which was denied. (*Id*. at ¶6.)  On July 7, 2013, Plaintiff filed a Motion for Reconsideration of the trial court's decision denying her Motion for Hardship.  (*Id*. at ¶ 7.)  On July 26, 2013, the Motion for Reconsideration was denied. (*Id*. at ¶ 8.)

By August 5, 2013, Plaintiff filed an appeal with the Appellate Division.[1] (Def.'s Cert., Exs. A, B.)  On June 9, 2014, Plaintiff's appeal request was denied due to her failure to submit transcripts. (Def.'s Cert., Ex. B.)  On October 14, 2014, Plaintiff filed the instant action before this federal Court in the District of New Jersey. (Dkt. No. 1, Compl.)  Plaintiff's Complaint includes the following claims: violation of the Social Security Act, Section 205(c)(2), 207 (Count One); violation of the New Jersey Exemptions to Levy (with funds exempt under Internal Revenue Code 26 U.S.C. § 401(A)(13) and Social Security Act, Section 205) (Count Two); violation of Internal Revenue Code 26 U.S.C. § 401(A)(13) (Count Three); and violation of the State of New Jersey Department of Treasury, Division of Benefits and Annuity Funds Rules (Count Four).  (*See* Compl.)

---

[1] The exact date that Plaintiff filed her appeal is unclear in the filings. (Def.'s Cert., Exs. A, B.)

On November 26, 2014, Defendant filed the instant Motion to dismiss Plaintiff's Complaint. (Dkt. No. 3.) On December 16, 2014, Plaintiff filed opposition, and on December 22, 2014, Defendant filed its reply. (Dkt. Nos. 4, 6.)

## II. **LEGAL STANDARD**

*Motion to Dismiss or in the Alternative Summary Judgment*

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (second alteration in original) (internal citations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a

claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (alterations in original) (quoting *Twombly*, 550 U.S. at 556).

Pursuant to Federal Rule of Civil Procedure 12(d) "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is appropriate where the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

### III. DISCUSSION

This Court will address this Motion as a motion to dismiss. An overview of the arguments presented and the applicable legal standards are provided below.

*Res Judicata*

Res judicata, or "claim preclusion", applies when there has been "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 172-73 (3d Cir.2009) (citation omitted). Claim preclusion "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir.2010); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir.2010).

*Collateral Estoppel*

Dismissal under the doctrine of collateral estoppel is appropriate where: " '(1) the issue sought to be precluded [is] the same as that involved in the prior action, (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " *Leyse v. Bank of America, Nat. Ass'n*, 538 Fed.Appx. 156, 158-59 (3d Cir. 2013) (citing *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir.2002); *Burlington N. R.R. Co. v. Hyundai Merch. Marine*, 63 F.3d 1227, 1231–32 (3d Cir.1995))).

*Entire Controversy Doctrine*

"The entire controversy doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court....'" *Arab African Intern. Bank v. Epstein*, 10 F.3d 168, (3d Cir. 1993) (citing *Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 560 A.2d 1169, 1172 (1989)).

*Analysis*

In the instant matter, judgment was entered by the state court for $15,057.00. (Def.'s SOF ¶2-3). As noted above, Plaintiff appealed the state action and when it was not resolved in her favor, she proceeded with the matter before this Court with essentially the same defenses and arguments. (*See, e.g.,* Def.'s Cert., Ex. A.) Even considering the facts in the light most favorable to Plaintiff, she has not set forth a basis for which she may be entitled to relief from this Court. *See generally Phillips*, 515 F.3d. at 231. As such, dismissal of this matter is appropriate.

This scenario demonstrates the circumstances that res judicata and the collateral estoppel doctrines were intended to address. Plaintiff's claims before this Court are the same as in the state matter and the issues were already litigated. Plaintiff asserts that she has limited income and funds, as well as social security income and a pension that should be protected. For those primary reasons, she has asked that the state court decision be overturned. Plaintiff's unsupported assertion that she has not been given "full and fair opportunity to be heard (submit evidence) on the levy of the exempt funds" is not sufficient to maintain this action. (*See* Pl.'s Opp'n 5.) Similarly, Plaintiff's claims that her "issues were raised but never heard by any New Jersey court and no final judgment has been rendered" are not supported by Plaintiff's own papers.

To the extent that any specific related issue was not raised in the state court, it appears that the entire controversy doctrine would apply. The entire controversy doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit", and the issues in this matter all could have been (and were) raised in the prior state matter. *See Paramount Aviation Corp. v. Agusta*, 178 F.3d 132 (3d Cir. 1999). As such, the motion to dismiss will be granted.

## IV.	CONCLUSION

For the reasons set forth above, Defendants' Motion is **GRANTED**. An order consistent with this opinion follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:	Clerk
cc:	Parties
	Magistrate Judge Mannion